**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO L. RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 12 C 0498 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| LYNN DEXHEIMER, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Mario L. Rodriguez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 state convictions for criminal sexual assault and unlawful restraint.[1] (Dkt. 1.) Rodriguez alleges that his constitutional rights were violated in the criminal proceedings against him. Specifically, Rodriguez argues that he was denied due process because there was insufficient evidence against him; he was denied the right to confront and cross-examine a witness; and his trial counsel was ineffective. (Dkt. 1 at 8–14.) For the reasons stated below, his petition is denied.

## BACKGROUND

On May 8, 2009, Rodriguez was convicted of criminal sexual assault and unlawful restraint. (Exh. I at 10.) The state trial court sentenced him to five years of imprisonment on September 9, 2009. (*Id.* at 11.) On June 6, 2011, the Illinois Appellate Court affirmed his conviction, rejecting Rodriguez's argument that the evidence against him was insufficient. (Exh.

---

[1] The petition named Randy Davis, the warden of Rodriguez's place of incarceration in January 2012, Pinckneyville Correctional Center, as the respondent. (Dkt. 1 at 1.) Rodriguez was transferred in March 2012 to the Taylorville Correctional Center. (Dkt. 12.) Lynn Dexheimer, warden of the Taylorville Correctional Center, thereby replaced Mr. Davis as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

A at 17.) The Illinois Supreme Court denied Rodriguez's subsequent petition for leave to appeal on November 30, 2011, which reiterated his claim of insufficient evidence and also contended that he was denied the right to confront the victim during cross-examination. (Exh. C; Exh. B at 22–23.) Rodriguez did not file any post-conviction petitions in state court or a petition for a writ of certiorari with the United States Supreme Court. (Dkt. 1 at 3; Dkt. 33 at 5.)

On January 31, 2012, Rodriguez timely filed this *pro se* petition pursuant to 28 U.S.C. § 2254. (Dkt. 5.) Rodriguez raises four claims: (1) he was denied due process because the evidence presented was insufficient to find him guilty beyond a reasonable doubt ("claim one") (dkt. 1 at 12); (2) his trial counsel was ineffective for failing to raise consent to the sexual assault as an affirmative defense ("claim two") (dkt. 1 at 10); (3) the trial court violated his right to confront the victim by limiting the scope of her cross-examination ("claim three") (dkt. 1 at 8); and (4) his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of criminal sexual abuse ("claim four") (dkt. 1 at 14). Rodriguez admits that he did not raise these last three claims in the state appellate court on direct review, but he attributes this failure to ineffective assistance of appellate counsel. (Dkt. 1 at 8, 10, 14.) On March 19, 2013, this Court denied the respondent's motion to dismiss the petition as unexhausted because Rodriguez's time to exhaust his claims in state court had expired. (Dkt. 26.)

Rodriguez was paroled on December 18, 2012 and deported to Mexico on January 2, 2013. (Dkt. 33 at 1; Exh. H.) The respondent argues that Rodriguez's petition is moot because, as a deportee, Rodriguez faces no collateral legal consequences of his conviction. (Dkt. 33 at 7–11.) Alternatively, the respondent argues that three of Rodriguez's claims are procedurally defaulted and the remaining claim fails on the merits. (Dkt. 33 at 12–16.)

## LEGAL STANDARD

A petitioner is entitled to habeas relief only if the state court's rejection of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Williams* v. *Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 146 L. Ed. 2d (2000).

A state court decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." *Williams*, 529 U.S. at 405.

A state court unreasonably applies Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of a particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. A state court's application of Supreme Court precedent is unreasonable only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedent." *Harrington* v. *Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624, 562 U.S. 86 (2011).

ANALYSIS

I.    Rodriguez's Petition is Not Moot

Before addressing the merits of Rodriguez's claims, this court must determine whether his petition is moot. *United States* v. *Larson*, 417 F.3d 741, 747 (7th Cir. 2005). The party asserting mootness has the burden of proving that the petition is moot. *Smith* v. *Bezy*, 141 F.App'x 479, 480 (7th Cir. 2005). A petition becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer* v. *Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). There is a live case or controversy if the petitioner suffers a concrete and continuing injury. *Id.* A petition is not mooted by a prisoner's release if there are adverse collateral legal consequences of the challenged conviction, other than the preceding incarceration or parole. *Spencer*, 523 U.S. at 7; *see also Phifer* v. *Clark*, 115 F.3d 496, 500 (7th Cir. 1997).

In order to satisfy the case-or-controversy requirement, the adverse collateral legal consequences must be statutory disabilities, not consequences that are contingent on the petitioner's future misconduct and thus within the petitioner's power to avoid, such as a sentencing enhancement following the commission of another crime. *Spencer*, 523 U.S. at 13–15; *see also Carafas* v. *LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968) (finding the petition was not moot because the conviction prevented the petitioner from engaging in certain businesses, voting in state election, and serving as a juror).

The respondent argues that Rodriguez's deportation renders his petition moot because he faces no adverse collateral legal consequences from his conviction. (Dkt. 33 at 8–11.) The Seventh Circuit has addressed the impact of deportation on a pending habeas corpus petition and held that the petition became moot after deportation. *See Diaz* v. *Duckworth*, 143 F.3d 345, 347

4

(7th Cir. 1998). The court reasoned that a deportee can never demonstrate relevant collateral legal consequences (which *Spencer* limited to statutory disabilities) after deportation. *Diaz*, 143 F.3d at 346–47. But the *Diaz* court did not address whether deportation due to a felony conviction could itself constitute an adverse collateral legal consequence that could be remedied through a writ of habeas corpus.

The record in this case does not indicate the reason for Rodriguez's deportation. (*See* Exh. H.) If Rodriguez was deported because of his aggravated felony conviction, his deportation may constitute a statutory disability of his conviction. The government has not met its burden to show that Rodriguez's petition is moot because the record does not state the reason for Rodriguez's deportation and the Court is unwilling to extend *Diaz* to apply to deportees who were removed as a consequence of their conviction. Therefore, the Court will address the merits of Rodriguez's habeas corpus petition.

## II.     Procedural Default Applies to Claims Two, Three, and Four

A claim is procedurally defaulted for purposes of federal habeas review if a petitioner failed to fully and fairly present it to the state courts before the opportunity passed. *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To fully and fairly present a claim, a petitioner must assert the claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings. *Lewis* v. *Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Illinois, a petitioner must present his claims to the state trial court, the Illinois Appellate Court, and the Illinois Supreme Court to avoid procedural default. *See O'Sullivan*, 526 U.S. at 845–46.

Claims two, three, and four of Rodriguez's habeas petition are procedurally defaulted because Rodriguez failed to assert them through one full round of review in the Illinois courts.

5

Rodriguez did not raise any of these issues on direct review before the Illinois Appellate Court (exh. D), and he did not raise claims two or four in his petition for leave to appeal to the Illinois Supreme Court. (Exh. B.) Rodriguez did not file any post-conviction petition in state court, and his time to do so has expired. (Dkt. 26.)

Nor does Rodriguez fall within the exceptions to procedural default, which require that the petitioner "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman* v. *Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *McCleskey* v. *Zant*, 499 U.S. 467, 510, 111 S. Ct. 1454, 91 L. Ed. 2d 397 (1991) (quoting *Murray* v. *Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Prejudice exists where an error "so infected the entire trial that the resulting conviction violates due process." *Smith* v. *McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal quotations omitted).

Rodriguez attributes his failure to assert the defaulted claims to ineffective assistance of appellate counsel. (Dkt. 1 at 8, 10, 14.) A claim of ineffective assistance of counsel cannot serve as cause to excuse procedural default unless the petitioner raised it as an independent claim in one full round of state-court review or the petitioner can show independent cause and prejudice for the ineffective assistance claim. *Promotor* v. *Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *see also Edwards* v. *Carpenter*, 529 U.S. 446, 451–53, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Rodriguez did not raise ineffective assistance of appellate counsel in one full round of

6

post-conviction review in state court.² There also is no showing of independent cause and prejudice to excuse default of this ineffective assistance claim. Thus, the cause and prejudice exception does not apply to Rodriguez's defaulted claims.

No fundamental miscarriage of justice excuses the default either. The fundamental miscarriage of justice exception applies "to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger* v. *Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup* v. *Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). To show "actual innocence," a petitioner "must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Id.* Such evidence must be "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House* v. *Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (quoting *Schlup*, 513 U.S. at 324).

Rodriguez has not made any substantiated allegations of actual innocence. He has not presented any evidence to show that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See Schlup*, 513 U.S. at 327; *see also Hayes* v. *Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (suggesting some "documentary, biological (DNA), or other powerful evidence" may be sufficient to demonstrate actual innocence). Therefore, the fundamental miscarriage of justice exception to procedural default does not apply here.

### III. Claim One Was Rejected in Accordance with Federal Law

Claim one of Rodriguez's habeas petition—that there was insufficient evidence to find him guilty beyond a reasonable doubt (dkt. 1 at 12)—is preserved for federal review because

---

² Rodriguez does not qualify for the narrow exception set out by the Supreme Court in *Martinez* v. *Ryan*, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012), because Rodriguez did not collaterally attack his conviction through post-conviction proceedings in state court.

Rodriguez asserted it through one full round of state-court review on direct appeal. (Exh. B; Exh. D.)

The Illinois Appellate Court, citing to the Supreme Court's decision in *Jackson* v. *Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), held that there was sufficient evidence to find Rodriguez guilty beyond a reasonable doubt. (Exh. A at 14–15.) In *Jackson*, the Supreme Court held that the standard for sufficient evidence to find guilt beyond a reasonable doubt is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The Illinois Appellate Court correctly identified this governing rule and reasonably applied it to the facts of Rodriguez's case. (Exh. A at 14–15.)

The court reasoned that the victim's consistent testimony about her encounter with Rodriguez and several other witnesses' testimony about the victim's distress shortly after the incident were sufficient to satisfy the elements of criminal sexual assault beyond a reasonable doubt. (Exh. A at 15–16.) Moreover, the appellate court found that Rodriguez's testimony was inconsistent and deferred to the trial court's reasonable assessment of the witnesses' credibility. (*Id.* at 16–17.) It affirmed Rodriguez's conviction because, "viewing the evidence in a light most favorable to the State, the evidence was not so unreasonable, improbable, or unsatisfactory that a reasonable doubt of defendant's guilt is raised." (*Id.* at 17.) In light of this reasoning, the Illinois Appellate Court's application of the Supreme Court precedent in *Jackson* was objectively reasonable. Therefore, Rodriguez is not entitled to habeas relief on claim one because the state court decision was not contrary to or an unreasonable application of *Jackson*.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the Court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2),

> (1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2)[t]he certificate must identify each substantial constitutional question; (3)[i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4)[a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5)[i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal.

*Davis* v. *Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) (internal citations omitted).

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal as reasonable jurists would not find this Court's ruling debatable. *Lavin* v. *Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack* v. *McDaniel*, 529 U.S. 473, 484–85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) and *Davis*, 349 F.3d at 1029). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the foregoing reasons, Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Date: December 23, 2014

_____

U.S. District Judge Joan H. Lefkow